Kenneth Noel **FAULKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. **50461.**

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

---

Jack Rushing, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and Paul Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary, which was committed on August 20, 1974; after a jury trial and pursuant to appellant's election, the court set the punishment at imprisonment for 5 years.

The only question presented for review is whether the indictment is duplicitous.

The complained of indictment charged that the appellant:

". . . did unlawfully, then and there intentionally and knowingly and without the effective consent of Marjorie Tyre, hereafter called Complainant, enter a building owned by the said Complainant and did then and there commit theft, to wit: did then and there unlawfully exercise control over personal property of Complainant the owner thereof without the effective consent of the said Complainant, and with intent to deprive the said owner of said property." [1]

 It is appellant's contention that the trial court erred in refusing to quash the indictment. He asserts that the indictment charges him in the same count with two separate offenses—burglary and theft—and that it is therefore duplicitous. There is no written motion to quash the indictment in the record; however, the appellant's counsel made an oral motion to quash the indictment immediately prior to trial. Article 27.10, V.A.C.C.P. [formerly Article 513, V.A.C.C.P. (1925)] requires that all motions to set aside an indictment or information shall be in writing. It was held under former Article 513, V.A.C.C.P. (1925), that an oral motion to quash or to dismiss the indictment preserved nothing for review. *Fegan v. State,* 152 Tex.Cr.R. 452, 215 S.W.2d 163 (1948); *Quarles v. State,* 398 S.W.2d 935 (Tex.Cr.App.1966); *Stecher v. State,* 383 S.W.2d 594 (Tex.Cr.App.1964); *Riley v. State,* 379 S.W.2d 79 (Tex.Cr.App.1964). The requirement of a written motion is the same under Article 27.10, V.A.C.C.P.; therefore, appellant's contention is not properly before us for review. However, were this ground before us, we would hold the overruling of the motion to be proper.

Appellant relies on Article 21.24, V.A.C.C.P., which provides:

"An indictment, information or complaint may contain as many counts charging the same offense as the attorney who prepares it, acting in good faith, may think necessary to insert, but may not charge more than one offense. An indictment or information shall be sufficient if any one of its counts be sufficient."

Burglary and theft are separate offenses; *Punchard v. State,* 124 Tex.Cr.R. 101, 61 S.W.2d 495 (1933); *Alarcon v. State,* 92 Tex.Cr.R. 288, 242 S.W. 1056 (1922); it has therefore generally been the practice to return separate indictments for these offenses. It has, however, long been established that the offenses of burglary and theft may be charged in the same count of a single indictment. *Williams v. State,* 24 Tex.App. 69, 5 S.W. 838 (1887); *Turner v. State,* 22 Tex.App. 42, 2 S.W. 619 (1886); *Bernal v. State,* 95 S.W. 118 (Tex.Cr.App. 1906).

Under former Penal Code provisions it was held that both burglary and theft could be charged in the same count of an indictment. See *Bernal v. State,* supra; *Powers v. State,* 154 Tex.Cr.R. 73, 225 S.W.2d 176 (1949); *Shepherd v. State,* 42 Tex. 501 (1875); *Hobbs v. State,* 44 Tex. 353 (1875). Further, it is said in 3 Tex.Jur.2d, Indictment and Information, Sec. 43, pp. 612–3, that:

"Where the definition of one offense so includes another that proof of the one necessarily includes or makes out the other, both may be charged in the same count . . . An indictment for burglary may also charge theft in the same count . . . ."

There is nothing contained in V.T.C.A. Penal Code, Sec. 30.02 (burglary) which would point to a contrary holding under the new Code:

"(a) A person commits an offense if, without the effective consent of the owner, he:

1. In *Gonzales v. State,* 517 S.W.2d 785 (Tex. Cr.App.1975), this Court held that the constituent elements of the particular theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft. We note that this may be the better practice. Cf. *Earl v. State,* 514 S.W.2d 273 (Tex.Cr.App.1974).

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) enters a building or habitation and commits or attempts to commit a felony or theft.

" . . . "

A necessary element of the offense under Sec. 30.02(a)(1) and (2) is the intent to commit a felony or theft. A necessary element of the offense under Sec. 30.02(a)(3) is the commission or attempted commission of a felony or theft. It is therefore necessary, in order to fully apprise the accused of the charges against him, that an indictment for burglary under V.T.C.A. Penal Code, Sec. 30.02, allege, depending on the subsection involved, an intent to commit, an attempted commission or a consummated felony or theft. Appellant was charged with burglary under Sec. 30.-02(a)(3), and it was therefore necessary to allege the commission or attempted commission of a felony or theft. To allege both the burglary and the theft in the same count is proper. Cf. *Jurek v. State,* 522 S.W.2d 934 (Tex.Cr.App.1975). The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.