02-10-330-CR










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00330-CR

 

 


 
 
 David Wayne Ingram
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Upon
his plea of not guilty, the trial court convicted Appellant David Wayne Ingram
of failure to comply with sex offender registration requirements and sentenced
him to twenty-five years’ confinement as a habitual offender.  Appellant brings
four issues on appeal, challenging the sufficiency of the evidence and the
trial court’s denial of his motion to quash the indictment.  Because the
evidence is sufficient to support Appellant’s conviction and because the trial
court committed no reversible error, we affirm the trial court’s judgment.

Appellant
was convicted in 1981 of aggravated rape, now aggravated sexual assault, and is
now required to register annually as a sex offender.  When Appellant moved from
Fort Worth to Arlington in July 2008, he met with Arlington Police Department
Detective Elizabeth Edmonds-Hayes and reported that he was staying at 2404
Limestone Drive in Arlington.  When she was notified sometime later that
Appellant had absconded, she investigated and discovered that Appellant had
left the Limestone address on September 29, 2008, and had not returned.  Appellant
had not registered a new address in Texas or anywhere else in the United
States.  An arrest warrant issued on December 11, 2008.

Appellant
had been living with Brenda Colvin at the Limestone address.  She reported to
Appellant’s parole officer, Paula Maurer, that he had left on September 30,
2008, and that both he and her car were missing.  Colvin saw Appellant again in
January 2009.  She testified that when she saw him, “he was ready to turn
himself in.”  She picked him up at a convenience store in Arlington and took him
to the Tarrant County Jail.  Colvin testified that Appellant still has some
clothes at her house and that he has always received mail there.

On
December 28, 2008, Appellant called Maurer and admitted that he had “messed up”
and “had been running.”  She testified, “He stated that, you know, he knew he
shouldn’t had not had [sic] moved from Limestone.”  She asked where he had been
living, but he did not tell her.  He told her that he was tired of running, and
she advised him to turn himself in.  He did so the next day.

Motion to Quash

In
his first issue, Appellant argues that the trial court erred by refusing to
grant his motion to quash the indictment because it failed to state a crime.  Although
Appellant lodged an oral motion to quash the indictment, he did not file a
written motion to quash.  Article 27.10 of the Texas Code of Criminal Procedure
requires that all motions to set aside an information or indictment be in
writing.[2]  An oral motion to quash
preserves nothing for appeal.[3]
 We overrule Appellant’s first issue.

Sufficiency
of the Evidence

In
his second and third issues, Appellant challenges the sufficiency of the
evidence to support his conviction.  In his fourth issue, he argues that the
trial court erred by denying his motion for new trial because the evidence was
insufficient to support his conviction.

In our due-process review of the sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.[4]

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.[5] 
The trier of fact is the sole judge of the weight and credibility of the
evidence.[6] 
Thus, when performing an evidentiary sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the factfinder.[7]

Maurer
testified that Appellant admitted that he had been running and that he should
not have moved from the Limestone address.  She also testified that he had not
registered anywhere else in Texas or the United States after he left the
Limestone address.  Colvin testified that Appellant had left the house they
shared on Limestone on September 30, 2008, and had taken her car.  She
testified that after he left, he did not live there again.  Indeed, Colvin did
not see Appellant again until January 2009.

Appellant
argues that the evidence is insufficient to show that he intended to change or
did change his address because he still received mail and had clothes at the
Limestone address.  Colvin, however, testified that she did not see Appellant
between September 30, 2008, and January 2009 and that he was not living at her
house on Limestone during that time.  Additionally, Maurer testified that
Appellant had admitted to her that he had been running and that he should not
have “moved from Limestone.”

Appellant
also implicitly argues that the evidence is insufficient to show that he failed
to register because the police chief of Arlington did not testify.  In addition
to Appellant’s and Colvin’s testimony that he did not live at her Arlington
address after September 30, 2008, Maurer testified that after Appellant moved
from the Limestone address, he did not register anywhere in the United States.

Applying
the appropriate standard of review, we hold that the evidence is sufficient to
support Appellant’s conviction and that the trial court did not err by
overruling his motion for new trial.  We overrule Appellant’s second, third,
and fourth issues.

Conclusion

Having
overruled Appellant’s four issues, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 16,
2012









[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann.
art. 27.10 (West 2006).





[3]Faulks v. State,
528 S.W.2d 607, 609 (Tex. Crim. App. 1975).





[4]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).





[5]Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.





[6]See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[7]Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).