

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00330-CR

DAVID WAYNE INGRAM                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of not guilty, the trial court convicted Appellant David Wayne Ingram of failure to comply with sex offender registration requirements and sentenced him to twenty-five years' confinement as a habitual offender. Appellant brings four issues on appeal, challenging the sufficiency of the evidence and the trial court's denial of his motion to quash the indictment.

---
[1]*See* Tex. R. App. P. 47.4.

Because the evidence is sufficient to support Appellant's conviction and because the trial court committed no reversible error, we affirm the trial court's judgment.

Appellant was convicted in 1981 of aggravated rape, now aggravated sexual assault, and is now required to register annually as a sex offender. When Appellant moved from Fort Worth to Arlington in July 2008, he met with Arlington Police Department Detective Elizabeth Edmonds-Hayes and reported that he was staying at 2404 Limestone Drive in Arlington. When she was notified sometime later that Appellant had absconded, she investigated and discovered that Appellant had left the Limestone address on September 29, 2008, and had not returned. Appellant had not registered a new address in Texas or anywhere else in the United States. An arrest warrant issued on December 11, 2008.

Appellant had been living with Brenda Colvin at the Limestone address. She reported to Appellant's parole officer, Paula Maurer, that he had left on September 30, 2008, and that both he and her car were missing. Colvin saw Appellant again in January 2009. She testified that when she saw him, "he was ready to turn himself in." She picked him up at a convenience store in Arlington and took him to the Tarrant County Jail. Colvin testified that Appellant still has some clothes at her house and that he has always received mail there.

On December 28, 2008, Appellant called Maurer and admitted that he had "messed up" and "had been running." She testified, "He stated that, you know, he knew he shouldn't had not had [sic] moved from Limestone." She asked where he had been living, but he did not tell her. He told her that he was tired of

2

running, and she advised him to turn himself in.  He did so the next day.

**Motion to Quash**

In his first issue, Appellant argues that the trial court erred by refusing to grant his motion to quash the indictment because it failed to state a crime. Although Appellant lodged an oral motion to quash the indictment, he did not file a written motion to quash.  Article 27.10 of the Texas Code of Criminal Procedure requires that all motions to set aside an information or indictment be in writing.[2] An oral motion to quash preserves nothing for appeal.[3]  We overrule Appellant's first issue.

**Sufficiency of the Evidence**

In his second and third issues, Appellant challenges the sufficiency of the evidence to support his conviction.  In his fourth issue, he argues that the trial court erred by denying his motion for new trial because the evidence was insufficient to support his conviction.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

---

[2]Tex. Code Crim. Proc. Ann. art. 27.10 (West 2006).

[3]*Faulks v. State*, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975).

[4]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

3

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[5] The trier of fact is the sole judge of the weight and credibility of the evidence.[6] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[7]

Maurer testified that Appellant admitted that he had been running and that he should not have moved from the Limestone address. She also testified that he had not registered anywhere else in Texas or the United States after he left the Limestone address. Colvin testified that Appellant had left the house they shared on Limestone on September 30, 2008, and had taken her car. She testified that after he left, he did not live there again. Indeed, Colvin did not see Appellant again until January 2009.

Appellant argues that the evidence is insufficient to show that he intended to change or did change his address because he still received mail and had clothes at the Limestone address. Colvin, however, testified that she did not see Appellant between September 30, 2008, and January 2009 and that he was not living at her house on Limestone during that time. Additionally, Maurer testified

---

[5]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

[6]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[7]*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

4

that Appellant had admitted to her that he had been running and that he should not have "moved from Limestone."

Appellant also implicitly argues that the evidence is insufficient to show that he failed to register because the police chief of Arlington did not testify. In addition to Appellant's and Colvin's testimony that he did not live at her Arlington address after September 30, 2008, Maurer testified that after Appellant moved from the Limestone address, he did not register anywhere in the United States.

Applying the appropriate standard of review, we hold that the evidence is sufficient to support Appellant's conviction and that the trial court did not err by overruling his motion for new trial. We overrule Appellant's second, third, and fourth issues.

**Conclusion**

Having overruled Appellant's four issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 16, 2012

5