

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00085-CR

_____


PATRICK JEROID JONES, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 10F0703-102



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Patrick Jeroid Jones, currently incarcerated on a sexual assault conviction that was affirmed by this Court on May 20, 2001, was found guilty for tampering with a witness (the victim) of his sexual assault. Jones wrote a letter to the victim in which he explained how, if she would recant her story and thus help obtain his release from prison, the State of Texas would be required to pay him a large amount of money for his time wrongfully spent in prison, and he would use that money to take care of all her needs. After conviction, a jury assessed his punishment at five years' imprisonment, which is to run consecutive to the remainder of the twenty-year term he is currently serving.[1]

Jones insisted on representing himself both at trial and on appeal, despite being properly warned of the disadvantages of such representation. He has filed a fifty page, handwritten brief with this Court. We will address the issues raised.

## I.    Motion in Limine

Jones first contends that the trial court erred by granting an improperly broad motion in limine requested by the State, which he argues is compounded because the court sustained the State's objections for other related (but unspecified) evidentiary rulings. A motion in limine is a preliminary ruling that does not preserve a claim of error for review. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). The granting of a motion in limine is not the act about which

---

[1]*Jones v. State*, No. 06-00-00150-CR, 2001 Tex. App. LEXIS 3435 (Tex. App.—Texarkana May 29, 2001, no pet.) (not designated for publication).

a complaint can be raised: it is the refusal of the court to ultimately admit the evidence that can be raised as an issue. That presumes, however, that the evidence is proffered. Jones directs this Court to no evidence which he attempted to proffer that was denied admission. The claim of error has not been preserved for review. The contention of error is overruled.

## II. Motion to Quash

Jones next contends that the trial court erred by denying his motion to quash the indictment. Immediately before trial, Jones argued that the indictment should be quashed, but there is no written motion in the record on appeal. Motions to set aside an indictment and special pleas must be in writing. TEX. CODE CRIM. PROC. ANN. art. 27.10 (West 2006); *Faulks v. State,* 528 S.W.2d 607, 609 (Tex. Crim. App. 1976). An oral motion to quash or dismiss the indictment preserves nothing for review. *Faulks*, 528 S.W.2d at 609. This issue has not been preserved for appeal and presents nothing for review. The contention of error is overruled.

## III. Enhancement Allegation

Jones contends that the trial court erred by allowing a "de facto" amendment of the indictment over his objection. He points out that the original indictment did not contain an enhancement paragraph and complains because the State later presented a notice that it was seeking to enhance. Jones objected, arguing to the trial court that this constituted an amendment of the indictment, and was improper. The State filed its intent to enhance on February 14, two months prior to trial.

3

The notice of enhancement allegation does not constitute an amendment of the indictment, either implied or otherwise. This notice may be pled in the indictment, but its later provision in another form is permissible so long as the requisite notice is provided. A defendant is entitled to notice of prior convictions to be used for enhancement. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). Alleging a sentence enhancement in the indictment is not the only reasonable method of conveying such notice. *Id*. at 32. The State need only plead the information somewhere. *Id*.; *Mayfield v. State*, 219 S.W.3d 538, 540 (Tex. App.—Texarkana 2007, no pet.). Error has not been shown.

## IV. *Brady* Issue

Jones next contends that prosecutorial misconduct in suppressing exculpatory and impeachment evidence requires a new trial. Specifically, Jones complains because the State did not correctly provide the "extensive criminal record" of the female involved. He states that she had such a record and that the State effectively fabricated a criminal history record showing "no record on file" regarding her. He contends that without correct information, he was unable to adequately cross-examine and impeach the witness; consequently, Jones alleges a *Brady* violation.

The State is required to provide potentially exculpatory information to the defense. *Brady v. Maryland*, 373 U.S. 83 (1963); *Thomas v. State*, 841 S.W.2d 399 (Tex. Crim. App. 1992). Under the present rule, the Due Process Clause of the Fourteenth Amendment to the United States

4

Constitution is violated when a prosecutor fails to disclose evidence favorable to the accused that creates a probability sufficient to undermine confidence in the outcome of the proceeding. *Thomas*, 841 S.W.2d at 404; *see Pena v. State*, 353 S.W.3d 797, 812 (Tex. Crim. App. 2011). Further, the information must be disclosed to the accused in time to put it to effective use at trial. *See Palmer v. State*, 902 S.W.2d 561, 563 (Tex. App.—Houston [1st Dist.] 1995, no pet.). This includes disclosure of any favorable information in the possession of police agencies or other parts of the "prosecutorial team." *Kyles v. Whitley*, 514 U.S. 419 (1995). A reasonable probability of a different result is shown when the government's evidentiary suppression undermines confidence in the outcome of the trial. *Id.* A *Brady* violation may also occur when a prosecutor fails to disclose evidence that may impeach the credibility of a State's witness where the witness' credibility is material to the disposition of an accused's guilt. *Johnston v. State*, 917 S.W.2d 135 (Tex. App.—Fort Worth 1996, pet. ref'd).

The record shows that Jones did receive a copy of the criminal history of the witness, but he disbelieves it. Jones maintains that the witness has an extensive criminal history under multiple aliases and that the State was either protecting her or remiss in obtaining the information.

Jones points out that in the 2000 prosecution against him (which involved this witness and the same prosecutor and was appealed to this Court), the prosecutor stated that the witness was on a misdemeanor diversion program for theft at that time, which was not final; thus, her criminal history at that time was therefore clear. Jones argues that under Article 60.051(c)(3) of the Texas

Code of Criminal Procedure, her record *could not* now be clear.  TEX. CODE CRIM. PROC. ANN. art. 60.051(c)(3) (West Supp. 2011).  The cited statute requires all arrests, even including those in which pretrial diversion statutes are successful, to nevertheless appear in the records of an individual.

We note, however, that such a record is subject to expungement.  *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii) (West Supp. 2011) (allowing expunction of criminal records under certain circumstances if charge dismissed upon defendant completing pretrial intervention program).  After reviewing the claims of multiple aliases and names used, we find no evidence to support such claims.

We have reviewed the record.  A *Brady* claim must have some support in the record to show the failure of the prosecutor.  This record contains no such support.  The contention of error is overruled.

## V.    Opening Statement

Jones next contends that the trial court committed reversible error by denying him his right to make an opening statement.  *See* TEX. CODE CRIM. PROC. ANN. art. 36.01 (West 2007).   In explaining the trial procedure, the trial judge instructed the jury that the defendant could make an opening statement "if he chooses."   At one point, Jones stated to the trial court, "Well, to present my defense, I would prefer to start with an opening statement."   The trial court made no ruling. After further conversation with the trial court, Jones called a witness to testify and did not attempt

to present an opening statement or object to the lack of an opening statement. The contention is not preserved for appellate review. TEX. R. APP. P. 33.1.

## VI. Discovery

Jones argues the trial court erred by denying him discovery, thereby denying him the right to present his defense. He concludes that harm is shown because his defensive theory was reflected by his testimony that he had no intention to obtain false testimony from the witness—but only to encourage her to tell the truth. He argues this evidence was conclusive on intent, and required acquittal. Therefore, he argues, the lack of specifically requested evidence prevented him from supporting his position adequately.

Jones first directs our attention to the lack of a correct criminal history, which we have previously addressed. Jones also complains that the result of a sexual assault examination, medical records about scratches and bruises, high school records, and the victim's crime victim's claim application were not provided to him (all related to the 1999 assault), and an index of births in 1984 were never provided to him, and that all of these items would have permitted him to effectively impeach the victim about her testimony at the trial convicting him of sexual assault.[2] He also argues that the school and birth records would allow him to show that the victim had falsified those matters during the sexual assault trial.

A defendant in a criminal case does not have a general right to discovery of evidence in the possession of the State, but limited statutory discovery has been provided of such items.

[2]*See Jones*, 2001 Tex. App. LEXIS 3435.

*Michaelwicz v. State*, 186 S.W.3d 601, 612 (Tex. App.—Austin 2006, pet. ref'd); s*ee* TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2011). The decision about what is discoverable under the statute has long been committed to the discretion of the trial court. *See Whitchurch v. State*, 650 S.W.2d 422, 425 (Tex. Crim. App. 1983). There is no showing that the requested items which were not turned over were even in the possession of the State, and general discovery of the type used in civil cases is not available in the context of a criminal prosecution. The duty to investigate is that of the defendant, and as Jones elected to proceed pro se, the duty to investigate matters involving his defense is his responsibility—not that of the State. Records that might have been material at the trial for sexual assault (sexual assault examination records, high school records, index of births, etc.), were not material to the current case, which only concerned tampering with a witness.

No error has been shown. The contention of error is overruled.

## VII. Attack on Prior Conviction

Jones alleges that his prior conviction for sexual assault is void. He argues that because the victim lied to the State about her age—she was actually fifteen years old instead of eighteen years at the time of the offense—thus the conviction for sexual assault is void, as she was actually a minor at the time (and presumably he should have been convicted of aggravated sexual assault).

Jones' conviction for sexual assault is final. An attack on a final conviction must be through habeas corpus, and jurisdiction over such a claim resides solely with the Texas Court of

8

Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011). We have no authority to consider such a claim.

## VIII. Lack of Jurisdiction

Jones finally argues a failure of jurisdiction over the case, because the presiding judge, Honorable John Miller (the retired judge of the 102nd Judicial District Court of Bowie County), lacked the proper qualification to act as the judge in this trial. He claims that Judge Miller did not take the oath of office. He notes that Judge Miller filed an oath of office with the Secretary of State for each term of office when he was serving as an active judge and argues such an oath was not filed with the Secretary of State after Judge Miller became a visiting judge.

Filing of an oath of office by a retired or former judge is handled differently. The Texas Government Code requires a visiting judge to take the oath of office required by the constitution and file it with the regional presiding judge. TEX. GOV'T CODE ANN. § 25.017(a) (West 2004). The regional presiding judge shall maintain a file containing such an oath filed by visiting judges. TEX. GOV'T CODE ANN. § 25.017(b).

This contention is raised for the first time on appeal and for that reason, there is no evidence concerning Judge Miller's oath of office. The presumption is that the proceedings were regular and that the trial judge took the constitutionally required oath and that it is on file with the regional judge (not the Secretary of State). It is Jones's burden to present evidence to overcome that presumption. *Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.—Houston [14th Dist.] 2002,

pet. ref'd).    Before we will find error, there must be something in the record to show that error

exists.   The point of error is overruled.

 We affirm the judgment of the trial court.


 Jack Carter
 Justice

Date Submitted:  April 30, 2012
Date Decided:   May 16, 2012

Do Not Publish