# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-23-00417-CR
NO. 03-23-00418-CR
NO. 03-23-00419-CR

---

**The State of Texas, Appellant**

**v.**

**James Oakley, Appellee**

---

**FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
NOS. 55029, 55154 & 55344 THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

## O P I N I O N

The State of Texas appeals the trial court's orders granting the motions to quash filed by appellee James Oakley, who was charged in three cause numbers with one count of tampering with physical evidence, *see* Tex. Penal Code § 37.09(a)(1), two counts of official oppression, *see id.* § 39.03(a)(1), and one count of abuse of official capacity, *see id.* § 39.02(a)(1), respectively. We will reverse the trial court's orders granting the motions to quash and remand these causes for further proceedings.

## BACKGROUND

The State charged Oakley, the Burnet County Judge, by one indictment and two informations as follows:

Cause number 55029

[O]n or about the 2nd day of April, 2021, and before the presentment of this indictment, in the County of Burnet, and the State of Texas, [Oakley] did then and there, knowing that an investigation was pending and in progress, namely an investigation of a collision between two motor vehicles, alter the site of an investigation, namely by removing a portion of a vehicle's bumper from the impact area of the collision, with intent to impair its verity and availability as evidence in the investigation.

Cause number 55154

## COUNT I

JAMES OAKLEY, hereinafter referred to as Defendant, on or about the 2nd day of April, 2021, and before the presentment of this information, in the County of Burnet and the State of Texas, did then and there intentionally subject ROGER WISDOM to mistreatment that the Defendant knew was unlawful, namely tampering with evidence of a motor vehicle collision involving the said ROGER WISDOM, to-wit: knowing that an investigation was pending and in progress, namely an investigation of a collision between two motor vehicles, the Defendant altered the site of an investigation with intent to impair its verity and availability as evidence in the investigation, namely by removing a portion of a vehicle's bumper from the impact area of the collision, and the Defendant was acting under color of his office as Burnet County Judge.

## COUNT II

AND IT IS FURTHER PRESENTED in and to said Court at said term that on or about the 2nd day of April, 2021, and before the presentment of this information, in the County of Burnet, and the State of Texas, the Defendant did then and there intentionally subject ROGER WISDOM to mistreatment that the Defendant knew was unlawful, namely, making a false report to a peace officer regarding the actions of the said ROGER WISDOM, and the Defendant was acting under color of his office as Burnet County Judge.

2

JAMES OAKLEY, hereinafter referred to as Defendant, from on or about the 1st day of April, 2021 through on or about the 1st day of February, 2023, in the County of Burnet, and the State of Texas, did then and there, with intent to obtain a benefit, intentionally and knowingly violate a law relating to the Defendant's office as a public servant, namely as Burnet County Judge, by violating Texas Local Government Code, Section 171.009 by serving as a member of the board of directors of the Pedernales Electric Cooperative [PEC], a private, nonprofit corporation, for compensation and remuneration while serving as Burnet County Judge.

In each cause, Oakley filed a motion to quash contending that the charging instruments "violate[d] his rights to receive fair and particularized notice of the charges against him under Texas law, the Texas Constitution, and the Constitution of the United States." The trial court held three hearings and, at the conclusion of the third hearing, granted Oakley's motions to quash the indictment in cause number 55029 and the informations in cause numbers 55154 and 55344. The court did not make findings of fact or conclusions of law but set forth its reasoning in its orders. This appeal followed. *See* Tex. Code Crim. Proc. art. 44.01(a)(1) (authorizing State to appeal order dismissing "an indictment, information, or complaint or any portion of an indictment, information, or complaint").

## DISCUSSION

The State contends that the trial court erred by granting Oakley's motions to quash because the charging instruments in cause numbers 55029, 55154, and 55344 provided sufficient notice of the allegations against him.[1]

---

[1] On the State's motion, we consolidated the records in the appeals. However, the State has filed a separate brief in each appeal challenging in a single issue the trial court's respective orders to quash.

Although both the motions and the trial court's orders refer to the State's failure to allege an offense, it is clear from the record that Oakley challenged the adequacy of the notice provided and not the absence of a requisite element of an offense. *See, e.g.*, *Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000) ("Whether an indictment fails to charge an offense at all is an entirely different issue from whether the indictment fails to provide adequate notice and is therefore subject to a motion to quash."); *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996) ("There is no assertion that the indictment failed to charge a criminal offense under § 39.02(c). Rather, the issue presented is whether appellee was entitled to further notice so as to adequately prepare for his defense."). To the extent that the trial court based its rulings on grounds not raised in Oakley's written motions, those rulings were in error. *See* Tex. Code Crim. Proc. art. 27.10 (requiring motion to set aside charging instrument to be in writing); *Faulks v. State*, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975) ("[A]n oral motion to quash or to dismiss the indictment preserve[s] nothing for review.").

Oakley's motions were titled "Motion to Quash Information[/Indictment] and Exceptions for Failure to Provide Sufficient Notice of Crimes Charged." In each, he asserted that the charging instrument "violate[d] his rights to receive fair and particularized notice of the charges against him under Texas law, the Texas Constitution, and the Constitution of the United States" and that the State did not "provide adequate notice of the charges against [him]." The trial court recognized the nature of Oakley's claims in its orders, explaining in each, "Generally, [Oakley] challenges the adequacy of the notice provided on the face of the charging instruments such that he might prepare a defense to a known criminal offense violative of the laws of the State [o]f Texas."

4

## I. Notice

In criminal prosecutions, the accused has the constitutional right to be informed of the nature and cause of the accusations against him. U.S. Const. amend. VI; *see* Tex. Const. art. I, § 10 (providing that accused in criminal prosecution "shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof"); *see also Daniels v. State*, 754 S.W.2d 214, 217 (Tex. Crim. App. 1988) (recognizing that "[t]he Sixth Amendment is made applicable to the states by virtue of the Fourteenth Amendment"). The charging instrument must be "specific enough to inform the accused of the nature of the accusation against him" and "to allow him to investigate the allegations against him and establish a defense." *State v. Moff*, 154 S.W.3d 599, 602 (Tex. Crim. App. 2004). "A motion to quash should be granted only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

The Texas Code of Criminal Procedure also gives a defendant statutory rights to notice:

> Articles 21.03, 21.04, and 21.11 of the Texas Code of Criminal Procedure contain requirements that (1) "[e]verything should be stated in an indictment which is necessary to be proved," Tex. Code Crim. Proc. art. 21.03; (2) "[t]he certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense," *id.* art. 21.04[2]; and (3) "[a]n indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with

---

[2] The statutory requirement of "certainty" in an indictment is distinct from and independent of the constitutional requirement of adequate notice. *Garcia v. State*, 981 S.W.2d 683, 685 n.3 (Tex. Crim. App. 1998) (citing G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 20.104 (1995); 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2(b) at 445–46 (1984)).

that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment," *id.* art. 21.11.

*Flores v. State*, 536 S.W.3d 560, 568 (Tex. App.—San Antonio 2017, pet. ref'd); *see State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017) (noting that Chapter 21 "provides legislative guidance concerning the requirements and adequacy of notice"); *see also* Tex. Code Crim. Proc. art. 21.23 ("The rules with respect to allegations in an indictment and the certainty required apply also to an information.").

When analyzing whether a charging instrument provided adequate notice, we engage in a two-step analysis:  we (1) identify the elements of the offense and (2) determine "whether the statutory language is sufficiently descriptive of the charged offense." *Zuniga*, 512 S.W.3d at 907.  Notice must come from the face of the charging instrument, *see Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000), and a charging instrument that tracks the language of the applicable statute will generally satisfy constitutional and statutory requirements, *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019) (citing *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998)).  In some cases, however, such a charging instrument may be insufficient to provide a defendant with adequate notice, and more particularity is required. *Zuniga*, 512 S.W.3d at 907.  "This is so when the statutory language fails to be completely descriptive." *State v. Ross*, 573 S.W.3d 817, 833 (Tex. Crim. App. 2019). Statutory language is not completely descriptive when the statute uses "an undefined term of indeterminate meaning" or "defines a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission on the part of the defendant." *Id.*

6

The question of whether a charging instrument provides sufficient notice of a charged offense is a question of law. *Hughitt*, 583 S.W.3d at 626 (citing *Moff*, 154 S.W.3d at 601). We therefore review de novo a trial court's ruling on a motion to quash that involves a defendant's right to notice of the charges against him. *See Moff*, 154 S.W.3d at 601; *see State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017) ("Appellate review of an order quashing an indictment is *de novo*."). "The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case." *Zuniga*, 512 S.W.3d at 906; *see State v. Rhinehart*, 333 S.W.3d 154, 161 (Tex. Crim. App. 2011) (applying ordinary rules of procedural default to State's appeal of trial court's order quashing indictment).

## II.     Tampering with Physical Evidence (Cause Number 55029)

Subsection 37.09(a)(1) defines the offense of tampering with physical evidence with the following elements: (1) a person alters, destroys, or conceals; (2) any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; (4) knowing that an investigation or official proceeding is pending or in progress. *Zuniga*, 512 S.W.3d at 907; *see* Tex. Penal Code § 37.09(a)(1).

In his motion to quash in cause number 55029, Oakley argued that the indictment—which charged that he had "alter[ed] the site of an investigation" by removing a portion of bumper from the area of a vehicle collision—provided inadequate notice because it did not allege whether he had tampered with a record, document, or thing. He asserted that "the 'site of an investigation' is not a 'thing' or 'physical evidence' which can be altered, destroyed, or concealed." The trial court agreed with Oakley's reasoning in its order quashing the indictment.

7

An indictment charging an offense under section 37.09 "must at least allege whether the 'evidence' altered, concealed, or destroyed was 'a record, document, or a thing.'" *Zuniga*, 512 S.W.3d at 908. The specific identity of the evidence, however, is an evidentiary issue rather than an essential element, and the statute "uses the word 'thing' to differentiate the tampered-with evidence from either a 'record' or a 'document.'" *Id.* Moreover, at least one of our sister courts—tasked on remand by the Court of Criminal Appeals with determining whether an indictment's language was of such indeterminate and variable meaning that it failed to provide the defendant with adequate notice, *see id.* at 909—has implicitly held that the indictment need not use the word "thing" to provide notice so long as the defendant had notice of the actual thing with which she allegedly tampered, *see State v. Zuniga*, 583 S.W.3d 209, 216 (Tex. App.—Corpus Christi–Edinburg 2018, pet. ref'd) (involving indictment that alleged defendant tampered with "unknown substance").

Our sister court's implicit holding accords with section 21.17 of the Texas Code of Criminal Procedure, which provides that "[w]ords used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." Tex. Code Crim. Proc. art. 21.17. As the Court of Criminal Appeals has explained when rejecting the requirement that a charging instrument use a "magic phrase":

> [W]here there is not a material difference between the language of the statute and the language of the indictment, an indictment which alleges all of the requisite elements of the particular offense in question will not be found to be deficient simply because it fails to *precisely* track the language of the statute.

*Queen v. State*, 662 S.W.2d 338, 341 (Tex. Crim. App. 1983); *see King v. State*, 675 S.W.2d 514, 516 (Tex. Crim. App. 1984) ("It is not necessary to use the exact words of the statute where the facts alleged are sufficient to constitute an allegation comprehensive of the statutory term.").

The Court has also held that notice is adequate when the indictment's language is "more particularized" than, *see Phillips v. State*, 597 S.W.2d 929, 934 (Tex. Crim. App. 1980) (concluding that charge that defendant threatened to use pistol was sufficient allegation of "deadly force"), or "merely descriptive of" a statute, *see State v. Kinsey*, 861 S.W.2d 383, 384 (Tex. Crim. App. 1993) (approving indictment's use of "Norman Whitlock, the owner thereof," in place of statute's term "of another"). The ultimate question is whether, from Oakley's perspective, "a common sense reading of the indictment" would have put him on notice as to whether the State was alleging that he tampered with a record, document, or thing. *See Queen*, 662 S.W.2d at 340. We conclude that the indictment's allegation that Oakley tampered with the "site of an investigation" provided sufficient information in plain and intelligible language to make him aware that he was accused of tampering with a "thing" and enable him to prepare a defense. *See Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim. App. 1978); *see also Zuniga*, 512 S.W.3d at 908 ("By alleging that Zuniga tampered with 'an unknown substance,' the State seeks to prosecute Zuniga for tampering with a 'thing,' rather than a 'record' or a 'document.'").

Oakley's argument that notice was insufficient because the "site of an investigation" is not a "thing" amounts to an impermissible challenge to the sufficiency of the State's anticipated evidence. *See Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) (noting that motion to quash, "like any pre-trial motion, cannot be used to argue that the prosecution could not prove one of the elements of the crime" and that "a pre-trial proceeding should not be a 'mini-trial' on the sufficiency of the evidence to support an element of the

9

offense"). "Texas has no pretrial procedure enabling a criminal defendant to challenge, or a trial court to determine, the sufficiency of the evidence on an element of the charged offense." *State v. Rogers*, 138 S.W.3d 524, 526 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Whether the State can prove that Oakley tampered with a "thing" is a matter properly reserved for trial, and the trial court erred insomuch as it granted Oakley's motion to quash in cause number 55029 on that basis.

### III.     Official Oppression (Case Number 55154)

Oakley moved to quash the information in cause number 55154 for insufficient notice because it failed adequately to "describe manner and means." Specifically, he argued that the manner and means alleged in the two counts—tampering with evidence of a vehicle collision and making a false police report, respectively, have

> nothing to do with subjecting Roger Wisdom to arrest, detention, search, seizure, dispossession, assessment, or lien. Further [they] do[] not allege that [Oakley] denied or impeded Roger Wisdom's exercise or enjoyment of any right, privilege, power, or immunity. It is not alleged that [Oakley] engaged in any act which affected Roger Wisdom personally.

The trial court, however, quashed the counts for reasons not raised in Oakley's motion. The court found that count I, like the indictment in cause number 55029, "fail[ed] to allege a manner and means in which the purported mistreatment [i.e., tampering with physical evidence] was known by [Oakley] to be unlawful" and that both counts failed to allege with the necessary factual specificity "the manner and means in which [Oakley] allegedly acted under the color of his office."

In relevant part, section 39.03 of the Texas Penal Code provides:

10

(a) A public servant acting under color of his office or employment commits an offense if he:

> (1) intentionally subjects another to mistreatment *or* to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;

> (2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful; *or*

> (3) intentionally subjects another to sexual harassment.

(b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

Tex. Penal Code § 39.03(a)–(b) (emphasis added).

"'Unlawful' means criminal or tortious or both and includes what would be criminal or tortious but for a defense not amounting to justification or privilege." *Id.* § 1.07(a)(48). The Court of Criminal Appeals has suggested that charging instruments that track the language of section 39.03 are sufficient. *See State v. Edmond*, 933 S.W.2d 120, 127 (Tex. Crim. App. 1996); *see also Prevo v. State*, 778 S.W.2d 520, 523 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) ("Since the indictment adequately tracked the language of each essential element of official oppression as set forth in the statute, the instrument was not defective."). In *Edmond*, the Court held that in cases alleging mistreatment as the manner of committing official oppression, the charging instrument must allege unlawful knowledge but need not allege that the defendant's conduct was actually unlawful. *Edmond*, 933 S.W.2d at 127. Similarly, although the charging instrument must allege that the defendant was "acting under the color [of] his office or employment" when he committed the offense, alleging "how the accused took advantage of his official capacity" is unnecessary. *Prevo*, 778 S.W.2d at 523. The

defendant's acts constituting unlawful conduct likewise need not be included in the indictment because they are evidentiary in nature. *See Latta v. State*, No. 07-20-00184-CR, 2021 WL 4101077, at *17 (Tex. App.—Amarillo Sept. 9, 2021, pet. ref'd) (mem. op., not designated for publication).

Both counts in cause number 55154 alleged that Oakley intentionally subjected Wisdom to mistreatment that Oakley knew was unlawful, specified the precise character of the alleged mistreatment, and alleged that Oakley was acting under color of his office as Burnet County Judge. These counts tracked the language of subsection 39.03(a)(1) and provided Oakley sufficient notice of the accusations against him. *See Moff*, 154 S.W.3d at 601. There was no need, as Oakley argues, for the information to allege an alternative manner and means. Moreover, to require inclusion of the allegations identified by Oakley and the trial court—*how* Oakley affected Wisdom personally, knew that his conduct was unlawful, and acted under color of his office—would be to read additional elements into subsection 39.03(a)(1) that are unsupported by the statute. *See Williams v. State*, 270 S.W.3d 140, 144 (Tex. Crim. App. 2008) ("This element is not supported by the language of the statute and, therefore, Appellant's challenge has no statutory foundation."); *cf. Ross v. State*, 543 S.W.3d 227, 234 (Tex. Crim. App. 2018) (listing "the essential elements of the crime of official oppression"). For these reasons, we conclude that the trial court erred by granting Oakley's motion to quash in cause number 55154.

## IV.    Abuse of Official Capacity (Cause Number 55344)

As charged in this case, subsection 39.02(a)(1) of the Texas Penal Code provides that "[a] public servant commits an offense if, with intent to obtain a benefit or with intent to

harm or defraud another, he intentionally or knowingly . . . violates a law relating to the public servant's office or employment." Tex. Penal Code § 39.02(a)(1). The Penal Code defines a "law relating to a public servant's office or employment" as "a law that specifically applies to a person acting in the capacity of a public servant and that directly or indirectly . . . imposes a duty on the public servant; or . . . governs the conduct of the public servant." *Id.* § 39.01(1). The Code further defines "law" to mean "the constitution or a statute of this State or of the United States, a written opinion of a court of record, a municipal ordinance, an order of a county commissioners court, or a rule authorized by and lawfully adopted under a statute." *Id.* § 1.07(a)(30).

In relevant part, the information in cause number 55344 alleged that Oakley committed the offense of abuse of official capacity because,

> with intent to obtain a benefit, [he] intentionally and knowingly violate[d] a law relating to [his] office as a public servant, namely as Burnet County Judge, by violating Texas Local Government Code, Section 171.009 by serving as a member of the board of directors of the [PEC], a private, nonprofit corporation, for compensation and remuneration while serving as Burnet County Judge.

Chapter 171 of the Local Government Code regulates conflicts of interest involving local public officials. *See* Tex. Loc. Gov't Code ch. 171; Tex. Att'y Gen. Op. No. GA-0068 at 1.[3] Section 171.009 provides that "[i]t shall be lawful for a local public official to serve as a member of the board of directors of private, nonprofit corporations when such officials receive no compensation or other remuneration from the nonprofit corporation or other nonprofit entity." Tex. Loc. Gov't Code § 171.009.

---

[3] Although they can be persuasive, Attorney General's opinions are not binding on this Court. *Gonzalez v. State*, 588 S.W.2d 355, 359 (Tex. Crim. App. 1979); *Canada v. State*, 547 S.W.3d 4, 19 (Tex. App.—Austin 2017, no pet.).

13

In his motion to quash, Oakley contended that the information in cause number 55344 failed to provide adequate notice or allege a violation of law because it "d[id] not adequately explain how [he] allegedly violated [section 171.009]" and because section 171.009 does not proscribe compensated service on the PEC board. The trial court instead granted the motion under a rationale not argued by Oakley, namely, that

> a "law relating to a public servant's office" is limited only to laws specifically applicable to the public servant *acting in the capacity* of the public servant's office—not merely "while serving" as a public servant as alleged in the information. No fact alleged in the information suggests or provides any notice whatsoever, sufficient to either prepare a defense or plead double jeopardy, of how the Defendant purportedly violated a law specifically applicable to the public servant's actions *in his capacity* as Burnet County Judge.

As discussed above, arguments for quashing a charging instrument must be made in writing, and it is error for a trial court to grant a motion on a basis not advanced in a written motion to quash. *See* Tex. Code Crim. Proc. art. 27.10; *Faulks*, 528 S.W.2d at 609; *see also State v. Murray*, No. 04-14-00328-CR, 2015 WL 574871, at *1 (Tex. App.—San Antonio Feb. 11, 2015, no pet.) (mem. op., not designated for publication) ("A trial court errs in granting a motion to quash based on a verbal argument made at a pretrial hearing that is not included in the written motion."); *State v. Harbour*, No. 05-04-01210-CR, 2005 WL 2009542, at *4 (Tex. App.—Dallas Aug. 23, 2005, no pet.) (not designated for publication) ("To the extent the trial court's ruling was based on grounds that were outside the scope of the written motion, the trial court erred."); *State v. York*, 31 S.W.3d 798, 803 (Tex. App.—Dallas 2000, pet. ref'd) ("York expounded this argument only in an oral motion to quash; he did not include this argument in his written motions to quash . . . . [T]o the extent the trial court quashed the informations based on York's oral motion, it erred."). Thus, because the trial court granted Oakley's motion after

14

concluding that the information had failed to allege that he acted in his capacity as a public official—an argument not made in Oakley's written motion to quash—the court erred, and nothing was preserved for our review. *See Faulks*, 528 S.W.2d at 609.

Regardless, the notice provided by the information in cause number 55344 was sufficient. The information alleged that Oakley intentionally and knowingly violated section 171.009—a law that specifically applies to a person acting in the capacity of a public servant and governs the conduct of such a person—with intent to obtain a benefit, namely, receiving compensation and remuneration for serving as a member of the PEC board of directors. The information tracked the statutory language and alleged every element of the offense, and consequently, Oakley received sufficient notice to make him aware of the conduct that the State sought to prosecute and enable him to prepare a defense. *See DeVaughn*, 749 S.W.2d at 67; *Becker-Ross v. State*, 595 S.W.3d 261, 271 (Tex. App.—Texarkana 2020, no pet.) (conducting similar analysis involving subsection 39.02(a)(1)); *see also State v. Martinez*, 548 S.W.3d 751, 759 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) ("[A]n indictment alleging an offense under section 39.02(a)(1) must specify which law or laws relating to the public servant's office or employment were allegedly violated."). Oakley's argument that the State is unable to prove that he violated section 171.009 is, conversely, a question of evidence that is not cognizable in a motion to quash. *See Lawrence*, 240 S.W.3d at 916; *Rogers*, 138 S.W.3d at 526. Accordingly, the trial court erred by granting Oakley's motion to quash in cause number 55344.

We sustain the State's issues on appeal.

**CONCLUSION**

Having sustained the State's issues, we reverse the trial court's orders granting the motions to quash and remand these causes for further proceedings consistent with this opinion.

_____
Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Reversed and Remanded

Filed:   November 14. 2024

Publish