**The STATE of Texas, Appellant,**

v.

**Brian ROGERS, Appellee.**

**No. 14–04–00028–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 27, 2004.

Rehearing Overruled July 15, 2004.

William J. Delmore, III, Houston, for appellants.

Christopher M. Flood, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

The State of Texas brings this interlocutory appeal from the trial court's quashing of a theft indictment against appellee, Brian Rogers. In two issues, the State contends that the trial court erred (1) in determining in advance of trial whether the State's evidence would be sufficient to prove an element of the offense and (2) in relying on defense counsel's disputed statements in quashing the indictment. We reverse and remand.

## Background

The grand jury alleged in the indictment that, over a five-and-a-half year period, appellee unlawfully acquired or otherwise exercised control over money owned by two separate automobile dealership groups (Enos Cabell Motors and the Randall Reed group), or various of the dealers' customers, in an aggregate amount of over $200,000, pursuant to one scheme and continuing course of conduct. The State had previously filed an indictment against appellee alleging only theft against Enos Cabell Motors and its customers, and it had filed a complaint against appellee alleging only theft against Randall Reed and its customers. These prior two charging instruments were dismissed shortly after the indictment in the current case was filed.

In argument before the trial court, defense counsel contended that the alleged thefts did not occur pursuant to one scheme and continuing course of conduct. Counsel explained that there were actually two alleged schemes: one occurring while appellee was employed by Enos Cabell Motors, under which appellee allegedly improperly kept money from the sale of extended warranties, and the other occurring while he worked for Randall Reed, under which appellee allegedly inflated expenses flowing to a partnership in which he had an interest. When asked by the court whether he agreed that the allegations of theft were different between the two employers, the prosecutor responded ambiguously: "I'm not entirely in agreement with that. I believe what [defense counsel] said

is true, but. . . ." [1] The trial court granted the motion to quash and subsequently filed findings of fact and conclusions of law that track the statements made by defense counsel.

### Discussion

■ The State contends that the trial court erred (1) in determining in advance of trial whether the State's evidence would be sufficient to prove an element of the offense and (2) in relying on defense counsel's disputed statements in quashing the indictment. Because these two issues are essentially means to the same ends, we will discuss them together.

■ When amounts are obtained by theft pursuant to one scheme or continuing course of conduct, whether from the same or different sources, the conduct may be considered as one offense and the amounts aggregated to determine the level of offense. TEX. PEN.CODE ANN. § 31.09 (Vernon 2003).[2] When the State attempts to aggregate amounts in a theft prosecution,

the question of whether the thefts were pursuant to one scheme or continuing course of conduct becomes an element of the offense that must be charged in the indictment, submitted to the jury, and proven at trial. *See Kellar v. State*, 108 S.W.3d 311, 313 (Tex.Crim.App.2003); *Thomason v. State*, 892 S.W.2d 8, 10–11 (Tex.Crim.App.1994); *Turner v. State*, 636 S.W.2d 189, 195 (Tex.Crim.App.1980). Texas has no pretrial procedure enabling a criminal defendant to challenge, or a trial court to determine, the sufficiency of the evidence on an element of the charged offense. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex.Crim.App.1994). A defendant may move to quash an indictment based on defects contained on the face of the indictment, but the indictment cannot be defeated by evidence presented at a pretrial hearing. *Id.* at 947–48. Accordingly, a trial court cannot quash an indictment because it considers the State's evidence insufficient to show a single scheme or continuing course of conduct.[3]

1. The prosecutor went on to say: "The State's position is that the Defendant, while in the employment of Mr. Enos Cabell and Mr. Randall Reed, basically was embezzling monies from the companies, from the businesses." The court later asked the prosecutor:

   [I]s there a case on-point where as far as the scheme was different? I mean, we've had joinders forever here where the scheme is the same continuing course of conduct, and of course, the joinder has been okay. But, as far as the scheme used in the Cabell case, anything different than the Reed case?

   The prosecutor responded, "Not that I'm aware of, Your Honor." But it is unclear whether he was answering the first question, regarding the existence of caselaw, or the second question, regarding differences in the allegations between the two employers.

2. In oral argument, appellee suggested that this case presented an issue of improper joinder of multiple offenses under section 3.02 of the Penal Code. TEX. PEN.CODE ANN. § 3.02 (Vernon 2003). However, because aggrega-

tion under section 31.09 results in only one offense being alleged, there cannot be a misjoinder issue related to such aggregation. *Wages v. State*, 573 S.W.2d 804, 806 (Tex. Crim.App.1978) ("It is axiomatic that you cannot sever One offense.") (capitalization in original); *State v. Weaver*, 945 S.W.2d 334, 336 (Tex.App.-Houston [1st Dist.] 1997) (holding that sections of Penal Code chapter 3 regarding joinder do not apply to cases under section 31.09 because aggregation results in only one offense that cannot be severed), *aff'd*, 982 S.W.2d 892 (Tex.Crim.App.1998).

3. Appellee cites *Callins v. State*, 780 S.W.2d 176 (Tex.Crim.App.1986), for the proposition that a trial court may consider the allegations in an indictment to determine whether they were properly joined. In that case, the court dealt with the misjoinder of several nonproperty offenses in one indictment. *Id.* at 179, 182–83. This was a defect on the face of the indictment that did not require any evidence to establish. In the present case, however, the indictment alleges only one offense (al-

At least one court has held that when the State willingly participates in a pretrial hearing on stipulated facts, it cannot later complain that the motion to quash impermissibly challenged the sufficiency of the evidence. *See Cuellar v. State,* 957 S.W.2d 134, 136–7 (Tex.App.-Corpus Christi 1997, pet. ref'd). However, this holding has not been followed in a published opinion by any other court and has been strongly criticized in at least one treatise. *See* 41 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 21.32 (2001). We need not decide whether to follow *Cuellar* because here the State did not willingly participate in a pretrial hearing on stipulated evidence. Indeed, the parties stipulated to nothing, and no evidence was admitted or judicially noticed. The court had before it statements of defense counsel, to which the prosecutor replied ambiguously: "I'm not entirely in agreement with that. I believe what [defense counsel] said is true, but...." The court also apparently had before it the indictment in the present case and the indictment and complaint in the prior two cases filed against the appellee. But only one of these instruments contained any details regarding the nature of the alleged theft scheme.[4] Thus, there was no way for the court to compare the schemes alleged through the two prior charging instruments other than by reliance on defense counsel's statements. In sum, the trial court had no evidence before it, stipulated or otherwise, on which it could have determined the sufficiency issue even under *Cuellar.*[5] Accordingly, we sustain both of the State's issues.

The trial court's order quashing the indictment is reversed, and the case is remanded for further proceedings in accordance with this opinion.

---

though occurring at various times and involving various complainants). *See, e.g., Brown v. State,* 640 S.W.2d 275, 278 (Tex.Crim.App. 1982) (holding aggregation under section 31.09 creates one offense that cannot be severed). The indictment in this case, therefore, does not run afoul of *Callins.*

4. The complaint included a probable cause affidavit relating the alleged scheme at Randall Reed.

5. Appellee relies heavily on the findings of fact entered by the trial court. As mentioned, these findings tracked the statements made by defense counsel at the hearing. However, even if such findings could be deemed appropriate under *Cuellar,* there was no evidence before the trial court to support the findings.