In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-244 CR


____________________



MICHAEL WAYNE OSBORNE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 92306






 MEMORANDUM OPINION


 This pro se appeal arises from a plea-bargain case. Appellant Michael Wayne
Osborne, who also proceeded pro se before the trial court, pled guilty to felony theft.
Pursuant to the terms of Osborne's plea agreement with the State, the trial court found
Osborne guilty and sentenced him to two years' confinement in the state jail. On appeal, 
Osborne raises one issue, which relates to the trial court's denial of his plea to the
jurisdiction. We affirm.

 Osborne's issue states: "Virtually by the inallienable error of the 252nd District Court
of Jefferson County, Texas. Denying Appellant's plea to jurisdiction calculated to an abuse
of discretion which warranted a hearing before trial, such ruling calculated to a premature
ruling which was incalculable unfairly, that prejudice the outcome." [sic] While Osborne's
issue and supporting arguments are vague, we interpret them as challenges to the trial court's
jurisdiction over the theft case. We further interpret his issue as presenting two complaints: 
(1) the trial court should have conducted a hearing on Osborne's plea to the jurisdiction in
which he complains that the indictment is defective, and (2) the trial court should have
granted the plea. See Tex. R. App. P. 38.1(e), 38.9.

 The sufficiency of an indictment presents a question of law. State v. Barbernell, No.
PD-0867-07, 2008 WL 2596934, at *3, (Tex. Crim. App. July 2, 2008) (citing State v. Moff,
154 S.W.3d 599, 601 (Tex. Crim. App. 2004)). Thus, we conduct a de novo review of the
trial court's ruling. See id. 

 The indictment against Osborne was dated July 22, 2004, and the indictment charged
Osborne with felony theft, a state jail felony, under section 31.03 of the Texas Penal Code. (1)

In pertinent part, the indictment against Osborne stated: 

 THE GRAND JURORS for the County of Jefferson, State aforesaid,
duly organized as such at the July Term, A.D., 2004, of the Criminal District
Court of Jefferson County, in said County and State, upon oath in said Court
present that MICHAEL WAYNE OSBORNE, on or about the 13th day of
March, Two Thousand and Four, and anterior to the presentment of this
indictment, in the County of Jefferson and State of Texas, did then and there
intentionally and knowingly unlawfully appropriate property, by acquiring and
exercising control of corporeal personal property, namely: a truck, owned by
ROSA WILLIAMS, hereafter styled the Complainant, of the value of at least
Fifteen Hundred Dollars and less than Twenty Thousand Dollars, with the
intent to deprive the Complainant of the property, and without the effective
consent of the Complainant.


 In his pleading entitled "Defendant's Plea to the Jurisdiction, and Motion for
Protective Order," Osborne argued that the trial court did not have jurisdiction over his case
because the indictment was defective. Specifically, Osborne contended that the indictment
contained an erroneous statement, namely, that Osborne possessed the vehicle without the
owner's consent. He also contended the probable cause affidavit's "erroneous description"
of the vehicle "changed the value ladder" and resulted in the indictment's being based on
invalid information. We interpret Osborne's complaint about the "value ladder" to mean that
the vehicle allegedly stolen did not exceed $1,500, which is the minimum value required to
qualify a theft under section 31.03 as a state jail felony. See Tex. Pen. Code Ann. § 31.03
(e)(4)(A) (Vernon Supp. 2007) (stating that in state-jail-felony theft, the value of the stolen
property must be at least $1,500, but less that $20,000).

 At the pretrial hearing, Osborne presented arguments to the trial court on his plea to
the jurisdiction. We interpret his arguments as focusing on the element of consent and the
vehicle's value. His challenge to the truck's value, and his challenge regarding whether the
owner gave her consent that he use it, are evidentiary matters that the State was required to
prove at trial. See Tex. Pen. Code Ann. § 31.03 (b)(1) (consent), § 31.03 (e)(4)(A) (Vernon
Supp. 2007) (stating that in state-jail-felony theft, the value of the stolen property must be
at least $1,500, but less that $20,000). 

 In Texas, there is "no pretrial procedure enabling a criminal defendant to challenge,
or a trial court to determine, the sufficiency of the evidence on an element of the charged
offense." State v. Rogers, 138 S.W.3d 524, 526 (Tex. App.-Houston [14th Dist.] 2004, no
pet.) (citing State v. Rosenbaum, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (dissenting
op. adopted on reh'g)). As Rosenbaum explained, "A charging instrument returned by a
legally constituted grand jury and valid on its face is sufficient to mandate trial of the charge
on its merits." Rosenbaum, 910 S.W.2d at 947. "An indictment must be facially tested by
itself under the law, as a pleading; it can neither be supported nor defeated as such by what
evidence is introduced on trial." Id. at 948. Generally, an indictment that tracks the statute's
language will satisfy constitutional and statutory requirements. State v. Mays, 967 S.W.2d
404, 406 (Tex. Crim. App. 1998). 

 We conclude that Osborne's indictment alleges all of the elements required by the
statute. Thus, we find that the indictment was facially valid and that the trial court had
jurisdiction over Osborne's case. See id.; Rosenbaum, 910 S.W.2d at 947. Because the
indictment was facially valid and because Osborne's challenges were to the sufficiency of
the evidence, the trial court had no duty to consider Osborne's arguments that related to
whether the evidence at trial would be sufficient to prove the elements of the crime charged
by the indictment. See Rosenbaum, 910 S.W.2d at 948 (finding that "in a pretrial setting
there is no constitutional or statutory authority for an accused to raise and for a trial court to
determine sufficiency of evidence to support or defeat an alleged element of an offense. . ."). 

 Thus, we overrule Osborne's sole appellate issue and its supporting arguments. We
affirm the trial court's judgment. 

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on February 27, 2008

Opinion Delivered August 27, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. Section 31.03 (Theft) provides, in pertinent part: 


 (a) A person commits an offense if he unlawfully appropriates property with intent
to deprive the owner of property.

 (b) Appropriation of property is unlawful if:

 (1) it is without the owner's effective consent;

 (2) the property is stolen and the actor appropriates the property knowing it
was stolen by another; or

 (3) property in the custody of any law enforcement agency was explicitly
represented by any law enforcement agent to the actor as being stolen and
the actor appropriates the property believing it was stolen by another.

 

Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2007).