# NO. 12-17-00396-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SERENA SELENA SIMPSON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 1* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Serena Selena Simpson appeals her conviction for theft of between five hundred and one thousand five hundred dollars. In three issues, Appellant argues that (1) the trial court erred by admitting exhibits, the existence of which were not disclosed to the defense, and (2) the evidence is insufficient to support her conviction. We affirm.

## BACKGROUND

Appellant, who was suffering from thyroid cancer, was evicted from her home in June 2015. Appellant arranged for movers to remove her belongings from the house because she was too ill to do so herself. Unbeknownst to Appellant at that time, the movers also removed a refrigerator and a stove from the house, which belonged to the house's owner, Delia Cope. These two items were put into a storage unit along with some of Appellant's belongings. On June 12, 2015, after unsuccessfully attempting to contact Appellant, Cope reported the theft of her property to the Athens Police Department.

On July 13, 2015, Athens Police Department Detective James Bonnette informed Appellant that the refrigerator and stove were missing from her former residence. Appellant investigated the matter and discovered that the items were in her storage unit. When she subsequently spoke with

Bonnette, he offered to have the items picked up. In response, Appellant told Bonnette she would return the items to Cope.

Appellant failed to return the items to Cope expeditiously, and she was charged by information with theft on August 19, 2015. She pleaded "not guilty." As of December 14, 2015, the date of her arraignment, Appellant still had not returned the items to Cope. Ultimately, the record reflects that the items were returned in April or May 2016.

On October 17, 2017, at the outset of the bench trial on the matter, the trial court considered Appellant's contemporaneously-filed motions pursuant to **Brady v. Maryland**[1] and the Michael Morton Act.[2] The trial court questioned the State about whether any information responsive to each motion remained undisclosed. The State responded that, to its knowledge, all responsive information had been disclosed. The trial court granted Appellant's motions, and Appellant's trial commenced.

Following the presentation of evidence and argument of counsel, the trial court found Appellant "guilty" as charged. Thereafter, the trial court sentenced Appellant to confinement for one year, but suspended Appellant's sentence and placed her on community supervision for eighteen months. Later, Appellant filed a motion for new trial, which was denied. This appeal followed.

### DISCOVERY MOTIONS

In her first and second issues, Appellant argues that the trial court abused its discretion in admitting into evidence four photographs in spite of its previous rulings on her two discovery motions.

Issues raised under **Brady** or the Michael Morton Act are forfeited if they are not preserved. *See **Cook v. State***, No. 07-16-0016-CR, 2018 WL 1802658, at *6 (Tex. App.–Amarillo Apr. 16, 2018, pet. ref'd) (mem. op., not designated for publication); ***Ahn v. Sate***, No. 02-17-000004-CR, 2017 WL 6047670, at *6 (Tex. App.–Fort Worth Dec. 7, 2017, no pet.) (mem. op., not designated for publication); *see also **Glover v. State***, 496 S.W.3d 812, 816 (Tex. App.–Houston [14th Dist.] 2016, pet. ref'd). To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they

---

[1] 373 U.S.83, 87, 83 S. Ct. 1194, 1196–97, 10 L. Ed. 2d 215 (1963).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2018).

are not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); ***Douds v. State***, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015).  An objection is timely if it is raised as soon as the ground for the objection becomes apparent; otherwise the matter is forfeited.  *See* ***Johnson v. State***, 878 S.W.2d 164, 167 (Tex. Crim. App. 1994); ***Facundo v. State***, No. 01-15-00279-CR, 2016 WL 3662466, at *3 (Tex. App.–Houston [1st Dist.] July 7, 2016, no pet.) (mem. op., not designated for publication).  In other words, the objection must be made at the earliest possible opportunity.  *See* ***Wilson v. State***, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Furthermore, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2); ***Everitt v. State***, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013).  A reviewing court should not address the merits of an issue that has not been preserved for appeal. ***Ford v. State***, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

In the instant case, the State sought to admit four previously undisclosed photographs. Appellant objected that the State had not laid the proper predicate for the photographs' admission. The trial court instructed the State to tender the photographs to Appellant, at which point, Appellant again objected that the State had not laid the proper predicate for admissibility.  The trial court overruled Appellant's objection and admitted the photographs.  Shortly thereafter, Appellant requested to take the sponsoring witness on voir dire, and the trial court denied the request.  As the State continued its examination of the witness, Appellant's counsel interjected as follows:

> Judge, I'd like a copy of these if she's going to be asking questions about them.  I don't know how I'm able to object if I don't have a copy of the photos.  Actually, Judge, I move to strike these exhibits because these were not provided to the defense in any way, shape, or form.  This is the first time we have ever seen these, and the State told this Court at the beginning that they had given us everything, and they have not.

The trial court responded,

> I understand, but the pretrial motions were filed yesterday -- today is Tuesday -- Friday. We just had a hearing on them today, so I'm going to give a little leeway from that standpoint.  I'm not going to order that they copy them, but you are more than welcome to move around and look at them as she is questioning off of them.  I have no problem with you doing that.  So, overruled.

On appeal, the State argues that Appellant forfeited these issues by failing to offer a timely and specific objection to them.  We agree.  By the time Appellant made an objection other than

3

"improper predicate," the exhibits were admitted into evidence and the State had sought to continue its examination of the sponsoring witness. When the trial court instructed the State to tender the exhibits to Appellant, the ground for any objection under *Brady* or the Michael Morton Act was apparent. Furthermore, when Appellant later interjected, she failed to mention *Brady* or the Michael Morton Act, and initially asked for copies of the photos. And when the trial court failed to mention either *Brady* or the Michael Morton Act in its verbal ruling, Appellant failed to object further or request clarification that the trial court was making a determination under the aforementioned bases for her pretrial motions. Lastly, to preserve a *Brady* complaint when *Brady* evidence is disclosed at trial, a defendant generally must request a continuance. *See Ahn*, 2017 WL 6047670, at *6 n.4 (citing *In re E.O.E.*, 508 S.W.3d 613, 619, 625 (Tex. App.–El Paso 2016, no pet.)). Here, Appellant did not move for a continuance.[3] Therefore, because Appellant failed to lodge a timely and specific objection at trial, which comported with her argument on appeal, we hold that she failed to preserve any issues relating to *Brady* or the Michael Morton Act. Appellant's first and second issues are overruled.

## EVIDENTIARY SUFFICIENCY

In her third issue, Appellant argues that the evidence is insufficient to support her theft conviction.

### Standard of Review and Governing Law

The *Jackson v. Virginia*[4] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense

---

[3] On appeal, Appellant argues that had the photographs been disclosed, her trial strategy and manner of preparation for trial would have been different. There can be little doubt that a continuance, if granted, would have permitted Appellant time to adjust her trial strategy and prepare accordingly.

[4] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  The evidence is examined in the light most favorable to the verdict.  *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.  A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony.  *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006).  A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court.  *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt.  *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)).  Each fact need not point directly and independently to the guilt of the appellant, so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.  *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial.  *Id.* at 15.  Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions.  *Id.*  An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented.  *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge.  *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that "accurately sets out the law, is authorized by the charging instrument, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried."  *Id.*

**Theft**

To prove the Appellant committed theft, the State was required to demonstrate that she (1) appropriated property without the owner's effective consent or appropriated stolen property she knew was stolen by another and (2) intended to deprive the owner of the property.  *See* TEX. PENAL CODE ANN. § 31.03(a), (b) (West Supp. 2018).  "Appropriate" means "to acquire or otherwise

exercise control over property other than real property." *Id.* § 31.01(4)(B). "Deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Id.* § 31.01(2)(A).

Additionally, the State was required to prove the fair market value of the property at the time and place of the offense was an amount between five hundred dollars and one thousand five hundred dollars. *See id.* § 31.08(a) (West 2016); *see also id.* §31.03(e).[5] Testimony of an item's value may be given by either the owner of the property or by a nonowner. *See Sullivan v. State*, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986); *see also Moya v. State*, No. 05-98-00406-CR, 2000 WL 257777, at *3 (Tex. App.–Dallas Mar. 9, 2000, no pet.) (op., not designated for publication). When the proof of value is given by a nonowner, that person must be an expert qualified as to his knowledge of the value of the property and must give testimony explicitly as to the fair market value or replacement value of the property. *See Sullivan* 701 S.W.2d at 909; *see also* Tex. R. Evid. 702. The owner, however, need not base his testimony of value on either fair market or replacement value. *See Sullivan*, 701 S.W.2d at 909. The owner may simply testify in general or commonly understood terms as to his opinion or estimate of the value of the property. *See id.* Testimony of this nature is an offer of the owner's best knowledge of the value of his property. *See id.* If the trier of fact accepts this testimony, a reviewing court may not find it legally insufficient as to an item's value. *See id.*; *Moya*, 2000 WL 257777, at *3.

In the instant case, Appellant testified that following her eviction from her home, her daughter's ex-boyfriend found someone to help her move her belongings to a storage unit. Appellant further testified that she was suffering from thyroid cancer and unable to supervise or otherwise participate in the process of moving her belongings. Appellant stated that on June 13, 2015, upon learning that Bonnette was trying to reach her, she placed a phone call to him, whereupon he told her that certain appliances had been removed from the house. According to Appellant, she told Bonnette that she was unaware of the items' removal from the house, but she would inspect the contents of her storage unit and inform him of what she discovered. Appellant testified that when she went to the storage space, she discovered the refrigerator and stove.

---

[5] Texas Penal Code, Section 31.03(e)(3) was amended to state that theft is a Class A misdemeanor if the value of the property stolen is $750 or more but less than $2,500. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10 (H.B. 1396). The prior version of the statute is applicable in this case. *See id.* §§ 30(a), 31 (stating that effective date of amending law is September 1, 2015, and amendment is applicable only to offense committed on or after that date); *see also State v. Martinez*, 548 S.W.3d 751, 754 n.1 (Tex. App.–Corpus Christi 2018, no pet.).

6

Appellant further testified that when she again contacted Bonnette about the items in her storage unit, he told her to return the items to Cope's property.[6] Appellant initially stated that she had the items returned to Cope's property a "couple of weeks" after her and Bonnette's conversation because she had no way of transporting the items herself and had to find someone to transport them for her. She later admitted that she did not return the items until sometime after her December 14, 2015, arraignment hearing and she could not recall if she returned them by April 4, 2016.

On the other hand, Cope testified that the items were not returned until April or May 2016.[7] She further testified that the value of the refrigerator was $500.00 and the value of the stove was $500.00. *See Sullivan*, 701 S.W.2d at 909.[8]

Based on our review of the record, we conclude that the trial court reasonably could have found beyond a reasonable doubt that Appellant acquired Cope's property, which she knew was taken from Cope by another without Cope's effective consent when she learned, following her conversation with Bonnette, that the missing appliances were in her storage unit. *See* TEX. PENAL CODE ANN. § 31.01(2)(A). Furthermore, the trial court could have found beyond a reasonable doubt that Appellant maintained possession of that property for a period of several months thereafter when she could have accepted Bonnette's offer to retrieve the appliances from her. From this evidence, the trial court also reasonably could have found that Appellant's withholding of the property from Cope for such an extended period of time caused Cope to lose a major portion of the enjoyment she derived from the property. *See id.* § 31.01(4)(B). Lastly, we conclude that the trial court reasonably could have found from Cope's testimony alone that the value of the property in question was between five hundred and one thousand five hundred dollars. *See Sullivan*, 701 S.W.2d at 909. Therefore, we hold that there was legally sufficient evidence to support Appellant's theft conviction. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also* TEX. PENAL CODE ANN. § 31.03(a), (b). Appellant's third issue is overruled.

---

[6] Appellant stated that Bonnette offered to help her find someone to move it, but she was not comfortable with that arrangement.

[7] Cope's current tenant also testified that the items were returned around this time.

[8] Zeborah Gambil, who co-owns and operates a nearby used furniture and appliance store, testified that her store would not pay more than $50.00 for each of the items Appellant allegedly stole. She further testified that refrigerators and stoves like the ones at issue rapidly depreciate once they are sold.

## **DISPOSITION**

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered December 12, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2018**

**NO. 12-17-00396-CR**

**SERENA SELENA SIMPSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 1

of Henderson County, Texas (Tr.Ct.No. 2015-1562CCL)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*