NUMBER 13-19-00092-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

BENJAMIN SHARP,                                                      Appellee.

On appeal from the County Court at Law
of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa**
**Memorandum Opinion by Justice Benavides**

The State filed this appeal attempting to challenge the trial court's order denying its petition to proceed to adjudication against Benjamin Sharp.   On March 7, 2019, the Clerk of this Court advised the parties that it appeared that there was not a final, appealable judgment in this case and requested correction of this defect if it could be done.   After requesting and receiving an extension of time, the State has now filed its

response to the Court's notice. By motion, the State requests that we retain jurisdiction over the appeal.

According to the State's motion, after charging Sharp with possession of marijuana on March 26, 2018, the State entered into a Pre-trial Diversion Agreement with Sharp whereby he agreed to certain conditions, including abstaining from alcohol, for a one–year period. The State thereafter sought to proceed to adjudication on grounds that Sharp had violated this condition. After a hearing, at which the State asserts that "evidence of the violation was presented," the trial court continued Sharp on the conditions of pre-trial supervision rather than proceed to trial or adjudication. No written order has been signed, and the State has requested reconsideration of this ruling.

The State asserts that it has the right to a review of the determination regarding whether the prosecutor or the trial court has authority to declare a violation of a pre-trial diversion agreement, and whether the State may proceed to prosecute the defendant on the underlying charges without a ruling from the trial court concerning the violation. The State contends that the agreement is purely a contract between the prosecutor and the defendant and that the prosecutor may proceed against the defendant for a violation without first obtaining permission or any ruling from the trial court.

The State requests that we "retain jurisdiction of the present appeal until such time as the trial court rules on the State's motion to reconsider and, if the ruling goes against the State, it may petition this Court for mandamus relief." The State contends that this procedure will allow the Court to more efficiently determine which is the proper method of review" and it "will not have forfeited a possible means of review."

We conclude we lack jurisdiction over this appeal. First, as a threshold matter,

2

the trial court has not heard the State's motion for reconsideration, and its ruling on reconsideration may render this appeal moot. *See* TEX. R. APP. P. 27.1(b). Second, there is no written ruling. A State's appeal under article 44.01 must be from a signed, written order. *State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012); *State v. Martinez*, 548 S.W.3d 751, 760 (Tex. App.—Corpus Christi 2018, no pet.). Therefore, the State lacked statutory authority to appeal the oral ruling and we lack jurisdiction over the appeal. *Martinez*, 548 S.W.3d at 760. Third, the State has not established that article 44.01 authorizes an appeal from an order continuing a defendant on pre-trial diversion. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw through 2017 1st C.S.); *State v. Cuellar*, 815 S.W.2d 295, 297 (Tex. App.—Austin 1991, no pet.) (concluding that the State "has no right to appeal an order granting a motion to quash a revocation of probation motion"); *see also State v. Stephens*, No. 11-12-00350-CR, 2013 WL 600222, at *1 (Tex. App.—Eastland Feb. 7, 2013, no pet.) (mem. op., not designated for publication).

The Court, having examined and fully considered the notice of appeal, the clerk's record, and the State's motion to retain, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters here. Accordingly, we deny the State's motion to retain and we dismiss the appeal for want of jurisdiction.

GINA M. BENAVIDES,
JUSTICE

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of May, 2019.

3